UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-00041-TBR

OHIO GRAPHCO, INC.
and UNLIMITED GRAPHICS, INC.                                             PLAINTIFFS

v.

RCA CAPITAL CORPORATION
and ALL POINTS CAPITAL CORP                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff, Ohio Graphco, Inc.'s ("Graphco"), Motion to Compel and for Sanctions (Docket #34). Defendant, All Points Capital Corp ("APC"), has filed a response. This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

Also before the Court is Plaintiff's Motion for a Hearing (Docket #35). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is DENIED.

Also before the Court is Defendant's Motion for Extension of Time to Propound Interrogatories to Plaintiff, Ohio Graphco, Inc. (Docket # 42). This matter is now ripe for adjudication. For the following reasons, Defendant's motion is GRANTED.

## BACKGROUND

On November 14, 2008, Unlimited Graphics, Inc., ("UGI") and Graphco executed a Sales Contract for the sale of printing press equipment. Graphco contracted to sell to UGI the Press Line for $199, 247.00 and UGI paid a down payment of $9, 247.00 directly to Graphco on November 17, 2008. The Sales Contract specifically stated, in a "Reservation of Title" clause, that Graphco retained exclusive legal title and right of possession of the Press Line until the $190,000.00 balance of the price was paid in full by UGI. Graphco alleges it has not been paid. The Press Line was

delivered to UGI's premises in La Center, Kentucky.

On November 17, 2008, UGI entered a lease agreement with RCA Capital Corp. ("RCA") for the Press Line. The lease agreement stated that RCA would buy the Press Line from Graphco by paying the remaining $190,000.00 balance. Upon receiving title to the Press Line from Graphco, RCA would lease the equipment to UGI. On November 19, 2008, RCA filed a Uniform Commercial Code ("UCC") Financing Statement with the Kentucky Secretary of State's Office claiming a purchase money security interest in the Press Line and naming UGI as debtor and RCA as secured creditor.

On November 20, 2008, RCA prepared and issued a "Purchase Order" to Graphco for the Press Line that was the subject of the Graphco Sales Contract and the proposed UGI equipment lease agreement. In the Purchase Order, RCA agreed to pay Graphco the balance of the purchase price. This document states that it expires on December 20, 2008.

Graphco alleges that RCA never acquired the Press Line from Graphco and never paid Graphco any part of the $190,000.00 balance due. Graphco also alleges that the agreement between UGI and RCA was never consummated because RCA never funded payment for the Press Line by paying Graphco the remaining $190,000.00. Graphco further alleges the Purchase Order never became a valid or enforceable agreement between Graphco and RCA because Graphco never signed the Purchase Order; never canceled, waived or otherwise terminated its Sales Contract with UGI; and never delivered possession of the Press Line to RCA.

On January 7, 2009, RCA attempted to assign its rights, title and interest in the allegedly executed lease with UGI to defendant APC. Graphco alleges that at this time RCA had not actually purchased the Press Line from Graphco nor did RCA have a contract or other agreement with

Graphco to purchase the Press Line. On January 20, 2009, Graphco filed a UCC Financing Statement with the Kentucky Secretary of State. On January 30, 2009, APC or RCA filed an assignment of RCA's security interest in the Press Line to APC with the Kentucky Secretary of State's Office.

RCA filed for bankruptcy in the District of New Jersey on April 8, 2009 as Case No. 09-18884 DIS; a voluntary Chapter 7 liquidation. RCA has not appeared or responded nor has it filed with this Court any formal notice of its bankruptcy.

This case was brought by Graphco to have declared the priority of competing security interests in the Press Line. APC allegedly claims a first and a best security interest in the Press Line as a result of the assignment of the rights from RCA. Graphco moved for summary judgment. Graphco sought to have the RCA/APC Security Interest deemed null and void and stricken from the records of the Secretary of State's Office. Additionally, Graphco sought for the Court to determine the priority of any valid security interests and find that the UCC Financing Statement filed by Graphco on January 20, 2009, should be deemed the first and best lien on the Press Line. Graphco also sought the Court to hold that Graphco retains its original legal and possessory interest in the Press Line as set forth in the Graphco/UGI Sales Contract by the "Reservation of Title" clause.

The Court entered an order denying Graphco's motion for summary judgment on November 6, 2009. The Court held that RCA had provided value to UGI in the form of a promise to pay Graphco, such value was sufficient consideration for a simple contract and was, therefore, sufficient value for attachment. The Court also found RCA properly assigned its security interest to APC who, as the assignee, stands in the place of RCA. The Court concluded that while both Graphco and APC have a perfected security interest, APC's date of priority was first in time, thus APC's security

interest has priority over Graphco's.

**STANDARD**

Determining "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1). In doing so, "the motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Motions to compel discovery responses are authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B)(iii), (iv).

Discovery requests are not limitless. "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).

**DISCUSSION**

**I. Graphco's Motion to Compel and for Sanctions**

Plaintiff argues that Defendant, APC, has insufficiently responded or improperly objected to five of Plaintiff's discovery requests. Specifically, Plaintiff points to Document Request Nos. 6, 7, 10, and 11 and Interrogatory No. 3. Plaintiff stated that the parties conferred regarding the discovery issues but could not resolve their disagreements. The Court now considers each discovery request in turn.

4

### a. Document Request No. 6

Graphco states APC's responses "are unusually deficient and non-responsive to critical Request No.6, the demand for information that supports the APC 'affirmative defense' that Graphco was 'paid' by RCA for the UGI deal." DN 34 at 5. APC states its has provided all documentation requested that is within APC's possession and has supplemented its responses as appropriate. DN 41.

Document Request No. 6 asks APC to

> [p]roduce all documents, correspondence, notes, and emails that evidence or that refer or relate to any meetings, conversations, and/or communications between you and any other person, including but not limited to any other defendant, or any person on their behalf, from January 1, 2008, to the present that covered or included any of the following subjects: any default or breach by RCA of any contract, agreement, or other relationship by and between RCA and APC; any transactions, dealings, or business relationship between RCA and APC.

DN 34-2 at 7. APC objected stating APC "objects to this request and further state any and all documents sought in this request have been made part of public record and are available to the Plaintiffs in APCC v. RCA Capital Corp, and Basil Pandolfelli." DN 34-5 at 3.

After reviewing the discovery documents propounded by Graphco and APC's response, it appears Graphco was mistaken when it referenced "critical Request No. 6." As can be seen from the quoted language, Request No. 6 is not the request which concerns " the demand for information that supports the APC 'affirmative defense' that Graphco was 'paid' by RCA for the UGI deal." In fact, it is Request No. 10 which concerns this information and elsewhere Graphco references APC's affirmative defense No.6. DN 34-2 at 8.

Graphco has not asserted an argument regarding the insufficiency of APC's response to Request No. 6. Additionally, the Court finds Graphco is not entitled to the production of pleadings,

court files, or other court records, where such records are available as public record. *See Fisher v. Delehant*, 250 F.2d 265, 267 (8th Cir. 1957) (finding the petitioner was not entitled to production of pleadings, court files, and other court records in state court case where such records were available for inspection to petitioner in office of clerk of county court). Graphco has in no way asserted that the documents requested cannot be found as a matter of public record as asserted by APC in its response. Graphco's motion to compel as to this request is denied.

### b. Document Request No. 7

Document Request No. 7 requests APC

> [p]roduce all documents, correspondence, notes, and emails that evidence or that refer or relate to the entire loan file and credit file for the alleged UGI loan, lease, or other advancement of funds by APC to RCA in connection with or in regards to the Ryobi Press Line, including but not limited to applications, loan committee minutes, credit reports, loan committee notes, committee presentations, credit files credit checks or investigations, credit files on UGI, RCA, personal/business financial statements of RCA or any of its principals and owners, disbursement instructions, records of disbursement(s) by RCA and or APC records of payment(s) by RCA to APC, current loan status between RCA and APC, payment history, and any other document that refers to or was created in regards to any advancement of funds by APC to RCA in connection with the Ryobi Press Line.

DN 34-2 at 7. APC objected stating APC "objects to this request based on the over-broadness and over-reaching of the request. This request is also seeks (sic) information and documentation that is totally irrelevant to the above styled civil action and seeks to obtain confidential information that has no application to the Plaintiff's cause of action." DN 34-5 at 3.

Graphco does not address the substance of this objection by APC in its motion to compel. Graphco merely cites this as another instance of APC's "unwillingness or inability" to produce discovery documents, while not providing the Court with any insight into how these documents are relevant to the case at bar or are reasonably calculated to lead to the discovery of admissible

6

evidence. DN 34 at 6; Fed. R. Civ. P. 26(b)(1). APC maintains the information sought in this request is over-broad, over-reaching and irrelevant. DN 41 at 3.

The Court finds the information sought in this discovery request is irrelevant to the cause of action, especially in light of the prior ruling by the Court on Graphco's motion for summary judgment. As the Court has already determined the priority of the security interest in the Ryobi Press Line, and that value was in fact given by RCA, documents regarding the financial positions of APC, RCA and UGI are irrelevant, except to prove the amount owed to Graphco, if any, which issue is not before the Court. Graphco's motion to compel as to this request is denied.

### c. Document Request No. 10

Request No. 10 asks APC to

> [p]roduce all documents that evidence, substantiate, support, or refer or relate in any way to the statement in Paragraph 6 of the Affirmative defenses of APC that the funds allegedly advanced by APC to RCA on November 20, 2008 were the identical and identifiable funds that are claimed by APC to have been "wired" to Ohio Graphco by RCA on December 9, 2008.

DN 34-2 at 8. APC responded stating "See attached documentation". DN 34-5 at 3. APC attached several correspondence documents; the Graphco sales contract and invoice; the RCA lease agreement and purchase agreement; assignment between APC and RCA; RCA's Guaranty; redacted Capital One bank statements and records; and RCA's UCC financing statement. DN 34-5.

Graphco alleges in its motion to compel that APC "objected and stated that all documents that would be responsive to that 'request' were either 'attached' or were to be found in an unidentifed New Jersey State court case." DN 34 at 4. Graphco argues APC's response is insufficient: "APC has not yet responded with anything useful that is truly 'responsive'". DN 34 at 5. APC states it has provided all documentation requested that is within its possession and has

7

supplemented its responses. DN 41.

As Graphco was incorrect as to the response to this request for documents, the Court finds Graphco has failed to provide the Court with grounds to compel further production. Graphco has not shown any evidence that APC is withholding documentation and, in fact, sufficient evidence has been presented for this Court to rule on Graphco's motion for summary judgment. The Court finds an order compel is improper as APC has complied with discovery requests and further production of documents would be irrelevant to the issues before the Court.

### d. Document Request No. 11

This request asked APC to

> [p]roduce all documents that evidence, substantiate, support, or refer or elated in any way to any claim or cause of action submitted to the Bankruptcy Court in: In. Re. RCA Capital Corp., Case No. 09-18884-DNS by APC in regards to or in connection with any funds allegedly advanced by APC to RCA relating in any way to the Ryobi Press Line.

DN 34-2 at 8. APC objected stating APC "objects to this request and further states any and all documents sought in this request have been made part of public record and are available to the Plaintiffs in APCC V. RCA CAPITAL, CORP. and Basil Pandolfelli. Furthermore, Plaintiff basis (sic) its objection on the lack of relevance of this request to the above styled civil action." DN 34-5 at 3-4.

As in the case of Request No. 7, Graphco references this response as an example of APC's "unwillingness or inability" to comply with Graphco's discovery requests. DN 34 at 6. APC maintains it has provided all documentation within its possession. DN 41. The record reflects that APC has filed numerous bankruptcy court records in order to supplement its discovery responses. DN 31, 32.

As stated, Graphco is not entitled to the production of pleadings, court files, or other court records, where such records are available as public record. *See Fisher*, 250 F.2d at 267. It is a general rule that information sought by discovery must be unobtainable by other means or alternative means must be much more burdensome. *See generally, U.S. v. National Steel Corp.*, 26 F.R.D. 603, 605 (S.D. Tex. 1960); *Goldlawr, Inc. v. Shubert*, 25 F.R.D. 276, 278 (S.D.N.Y. 1960); *Margeson v. Boston & Me. R. R.*, 16 F.R.D. 200, 202 (D.C. Mass.1954). Again, Graphco has not asserted that the information requested cannot be found as a matter of public record as indicated by APC. As the information sought by Graphco is obtainable by other means, production is not appropriate and is not compelled by this Court.

### e. Interrogatory No. 3

Interrogatory No. 3 asked APC to

> [i]dentify all meetings, conversations, and/or communications between you and any other person, from January 1, 2008, to the present that covered or included any of the following subjects: the entire APC loan file and credit file for the alleged UGI loan, lease, or other advancement of funds by APC to RCA in connections with or in regards to the Ryobi Press Line, including but not limited to applications, loan committee minutes, credit reports, loan committee notes, committee presentations, credit files, credit checks or investigations, credit files on UGI, RCA, persona/business financial statements of RA or any of its principals and owners, disbursement instructions, records of disbursement(s) by RCA and or APC records of payment(s) by RCA to APC, current loan status between RCA and APC, payment history, and any other document that refers to or was created in regards to any advancement of funds by APC to RCA in connection with the Ryobi Press Line.

DN 34-3 at 6. APC objected stating APC "objects to this request and further states any and all documents sought in this request have been made part of public record and are available to the Plaintiffs in <u>APCC V. RCA CAPITAL, CORP. and Basil Pandolfelli</u>." DN 34-7 at 3.

Graphco appears to assert that this response is insufficient without actually setting forth an argument as to why it is insufficient. APC maintains it has fully complied with all discovery

9

requests and the record reflects that APC has supplemented its responses with several documents from other cases. DN 41; DN 31, 32.

As stated, Graphco is not entitled to the production of pleadings, court files, or other court records, where such records are available as public record. *See Fisher*, 250 F.2d at 267. Graphco has not argued that the documents and information requested are not available as a matter of public record and the Court finds APC is not compelled to produce documents which are available to Graphco as a matter of public record.

The Court finds Graphco has failed to state grounds on which APC should be compelled to produce any further documents or information as requested in Document Request Nos. 6, 7, 10, and 11 and Interrogatory No. 3; therefore, sanctions are inappropriate.

The Court finds a hearing as to this issue is not required as the record before the Court is sufficient. Also, the Court has already ruled on Graphco's motion for summary judgment therefore Graphco's motion for a hearing as to that motion is moot. Graphco's motion for a hearing is denied.

## II. APC's Motion for Extension of Time for Discovery

On May 15, 2009, the Court entered an Order requiring discovery be completed by September 1, 2009. APC, as noted by Graphco, conducted no discovery during this period. APC now moves the Court to extend the discovery deadline so that APC may propound interrogatories to Graphco. APC states its delay in meeting the discovery was due to the attempts of the parties to resolve the dispute.

The Court grants APC's motion for extension of time. While the Court doubts additional discovery is necessary or relevant in light of the Court's prior ruling, the Court will grant both parties 60 days from the date of entry of this order to complete all discovery. The Court reminds

10

both parties of their duties to produce all documents and information requested and to supplement prior discovery responses.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Plaintiff's Motion to Compel and for Sanctions is DENIED; Plaintiff's Motion for a Hearing is DENIED; Defendant's Motion for Extension of Time is GRANTED, both parties shall have 60 days from the date of entry of this order to complete all discovery. The telephonic status conference set for **January 14, 2010, at 8:45 a.m. CDT** is **CANCELLED**. A **telephonic status conference** is set on **April 13, 2010, at 8:45 a.m. CDT**. The Court will place the call to counsel.